JOURNAL ENTRY AND OPINION
The defendant-appellant Thomas Horvath appeals from his conviction for driving under the influence of alcohol in violation of Section 333.01A of the Codified Ordinances of Lakewood. The appellant filed a motion to suppress which was denied. The appellant subsequently pled no contest and was found guilty. The appellant was sentenced to a term of imprisonment of thirty days in jail, fined $750, and ordered to pay costs. The appellant's term of imprisonment was suspended for lack of space in the jail. The appellant was placed on two years of inactive probation, ordered to perform twenty-four hours of community service, obtain an alcohol assessment, attend AA meetings, and refrain from alcohol or drug abuse. The appellant's driver's license was suspended for two years with credit given for the pretrial period of suspension.
After the hearing on the motion to suppress, the trial court entered an opinion which considered the appellant's arguments on the merits.
The appellant's first assignment of error:
 THE TRIAL COURT ERRED WHEN IT OVERRULED THE DEFENDANT/APPELLANT'S MOTION TO SUPPRESS BY FINDING THAT THE DIRECTOR OF THE DEPARTMENT OF HEALTH DID NOT ABUSE HIS DISCRETION WHEN HE APPROVED THE INTOXILYZER 5000 FOR USE AS AN EVIDENTIARY BREATH TESTING DEVICE.
The appellant argues that in the motion to suppress, he urged the trial court to find that the Intoxilyzer 5000, `66' series, should not have been approved by the Director of the Ohio Department of Health (ODH) for use as an evidentiary breath testing device. Here, as there, the appellant asserts that the Director failed to adequately test the components of the machine. It is also asserted that the tests which were performed do not support the Director's approval. While the prosecution contests the appellant's assertions on the merits, it also argues that the appellant should have been prohibited from a general attack on breath testing instruments.
Although the appellant was charged under 333.01A of the Codified Ordinances of Lakewood, this section mirrors R.C.4511.19 (A) (3). This court's analysis will interpret the relevant law pertaining to the revised code. Defiance v. Kretz
(1991), 60 Ohio St.3d 1. To begin the analysis, this court notes that in R.C. 3701.143 the legislature determined that, for the purposes of R.C. 4511.19, the director of health shall determine, or cause to be determined, techniques or methods for chemically analyzing a person's bodily substances, including breath, in order to ascertain the amount of alcohol. In Kretz, supra, the court noted that the admissibility of test results to establish alcoholic concentration under R.C. 4511.19 turns on substantial compliance with ODH regulations.
In State v. French (1995), 72 Ohio St.3d 446, the Supreme Court found that pursuant to Crim.R. 12 (2) (3), challenges to the state's compliance with statutory and ODH regulations must be made in a pretrial motion to suppress. Therefore, a defendant charged under R.C. 4511.19 (A) (1) through (4) who fails to raise the admissibility of chemical test results through a pretrial motion to suppress, waives the admissibility of the test results at trial.
When reviewing a ruling on a motion to suppress, a court must remain mindful that the weight of evidence and the credibility of the witnesses are primarily for the trier of fact. State v. Smith
(1997), 80 Ohio St.3d 89; State v. DePew (1988), 38 Ohio St.3d 275;State v. Flanning (1982), 1 Ohio St.3d 19. The appellant properly raised his questions regarding the Intoxilyzer 5000, `66' series, before the trial court by way of a motion to suppress.
In resolving the first assignment of error, this court turns first to State v. Vega (1984), 12 Ohio St.3d 185. It is crucial to note that the Supreme Court very clearly and specifically held that an accused may not make a general attack upon the reliability and validity of the breath testing instrument. Id.
The court stated that alcohol breath tests are generally recognized as being reasonably reliable on the issue of intoxication when conducted with proper equipment and by competent operators. Id. at 186.
Additionally, the Vega court noted that the intoxilyzer has been approved as one of several breath testing instruments by ODH. The defendant in Vega disputed that he was bound by the director's determination that the intoxilyzer is a generally reliable, valid breath testing instrument. The court found that the legislature had merely established a presumption which the defendant was free to rebut. The court held that the appellant may question the reliability of the specific testing procedure and the qualifications of the operator.
As the appellant herein points out, the court in Vega, supra,
stated that the intoxilyzer has been approved as one of several breath testing instruments by the Director of the ODH, but the court then placed in a footnote the fact that there had been no assertion of an abuse of discretion by the Director in promulgating the rules. The appellant states that this footnote left open his arguments that the director erred in approving the intoxilyzer as a breath testing machine. It must be conceded that the Supreme Court has not rendered a decision on this precise issue. Nonetheless, leaving the issue open is not concomitant with a determination in the appellant's favor. The court in the body of the Vega opinion expressed that while the specific machine used to test a defendant may be questioned, the legislature has, expressly or impliedly, resolved the question as to the general liability of the tests and the relation between blood-alcohol levels and driver impairment. Id. at 188.
In the case sub judice, in the guise of challenging the OHD's acceptance of the Intoxilyzer 5000, `66' series, the appellant has done no more than challenge the use of breath testing machines in general. This argument is proscribed by Vega, supra.
 Assuming arguendo, that the question of the acceptance of the machines in general was based upon an abuse of discretion by the Ohio Department of Health, the appellant's argument is still not well taken. The appellant's expert, Dr. Paul Claspy, testified that based upon the testing for which he was given the results, the Intoxilyzer 5000 should not have been approved (T. 139-142). However, Dr. Sutheimer, of the DOH, testified for the prosecution that there are records which are unavailable because they were discarded after five years as a part of a regular purging procedure (T. 80, 89). Thus, the original documentation for approval no longer exists (T. 89). The testing was done in a ODH laboratory which no longer exists (T. 80). Dr. Sutheimer testified that he has no reason to believe the appropriate testing was not done (T. 104). Based upon his knowledge, Dr. Sutheimer would still approve the Intoxilyzer 5000 `66 series' today (T. 90).
The appellant herein essentially argues that Dr. Sutheimer's testimony was not credible because the legislature extended the time for which an agency must keep certain records. This issue is one of credibility of the witness and was for the trier of fact to determine. Smith, supra.
The appellant's first assignment of error is overruled.
 THE TRIAL COURT ERRED BY FAILING TO ADDRESS THE APPELLANT'S SECOND ISSUE AND BY FAILING TO FIND THAT THE LAKEWOOD POLICE DEPARTMENT INTOXILYZER 5000 MACHINE IS NOT IN COMPLIANCE WITH THE PRIOR APPROVAL GIVEN BY THE DEPARTMENT OF HEALTH.
In this assignment of error, the appellant asserts that the Lakewood Intoxilyzer 5000 machine is not in compliance with the original approval by the ODH. The appellant states that the software for the machine has been altered and that written notification of the modifications was not filed with the ODE by the manufacturer. The appellant bases this argument on the original approval letter from ODE to the manufacturer which set forth the prior notification requirement as a condition of approval.
During the suppression hearing, Mr. Root, an employee of the intoxilyzer manufacturer, testified that there were no hardware modifications to the machine since its approval in 1989 (T. 9). There were software revisions, but these did not impact on the analytical aspects of the intoxilyzer (T. 13-28). More importantly, these changes were requested by the ODE (T. 13-15). In fact, Mr. Root testified that whenever there is an approval body, here ODE, the manufacturer will not entertain a request for a change unless it is from the approval body (T. 66). The letter referred to by the appellant does not require the manufacturer to notify ODE of the changes ODE requests. Even by bureaucratic standards such a requirement seems ludicrous.
The appellant's second assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lakewood Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER. AJ., and MICHAEL J. CORRIGAN, J.,CONCUR.
 _________________________________ JAMES D. SWEENEY JUDGE