THE STATE OF OHIO v. WEIRICH.

(No. 85-TRC-2707 — Decided October 30, 1985.)

Massillon Municipal Court.

*Robert Zedell,* prosecuting attorney, for plaintiff.

*Harold E. Wonnell, John K. Everett* and *J. Fred Stergios,* for defendant.

MUSSER, J. This matter was heard on defendant's motions to suppress evidence with regard to the breath test, and to dismiss.

Two questions are presented in defendant's motion: lack of probable cause and the constitutionality of Ohio Adm. Code 3701-53-04 and Official Instruction No. 009.

With regard to the probable cause question, the only evidence submitted at hearing was that of Trooper Warden. Based on the evidence, the court finds that probable cause exists and that portion of defendant's motion is overruled.

With regard to the constitutional questions presented, considerable evidence was presented concerning the operation, repair and maintenance of the BAC Verifier. Based on that evidence, the court finds that at the time and place in question the Rules of the Ohio Department of Health for Alcohol Testing, Approval and Permit Program, Ohio Adm. Code Chapter 3701-53, were followed and that the arresting officer, and other members of the Ohio State Highway Patrol, complied with the provisions of that chapter.

Although not presented in defendant's motion, the court allowed defendant to present considerable evidence concerning the operation, repair and maintenance of the BAC Verifier generally, in addition to that relating to the BAC Verifier used on April 11, 1985, for the purpose of administering the breath test to the defendant.

The court finds that the Ohio State Highway Patrol thoroughly investigated the use and reliability of the BAC Verifier prior to its decision to commence using the instrument in 1983; and that during the course of its use from July 1983 to the present, the BAC Verifier has functioned with reliability, without other than minor repair problems, and all manufacturer's service bulletins have been followed. From the testimony of the technicians employed by the State Highway Patrol and Mr. Fusco who supplies, maintains, and is a manufacturer's representative for Varax Systems Incorporated, the court finds the BAC Verifier to be a reliable instrument for the purpose of measuring the blood-alcohol concentration by use of breath samples.

The court finds based on the records and evidence presented that BAC Verifier No. 308023, located at the Stark County Sheriff's Department on April 11, 1985, and used to administer the breath test to the defendant on that date, was properly maintained, calibrated, and was accurately functioning on that date.

In support of the constitutionality question, the defendant has relied on the Barberton Municipal Court decision in *State* v. *Few* (Aug. 22, 1985), No. 84-TRC-5826 *et seq.,* unreported. Although no evidence was presented concerning whether the Ohio Department of Health had complied with the provisions of R.C. 119.03 *et seq.* in issuing Official Instruction No. 009, the court finds that the General Assembly in enacting R.C. 3701.143[1] intended to and did grant the Director of Health specific authority to determine techniques or

---

[1] R.C. 3701.143 reads in pertinent part as follows: "The director of health shall determine, or cause to be determined, techniques or methods for chemically analyzing a person's blood, urine, breath, or other bodily substance in order to ascertain the amount of alcohol in a person's blood. The director shall approve satisfactory techniques or methods, ascertain the qualifications of individuals to conduct such analyses, and issue permits to qualified persons authorizing them to perform such analyses. Such permits shall be subject to termination or revocation at the discretion of the director."

methods for chemically analyzing a person's blood, urine, or breath to determine the amount of alcohol in a person's blood as it relates to the offense of operating a motor vehicle while under the influence of alcohol or a drug of abuse as set forth in R.C. 4511.19. This intention is consistent with the General Assembly's other enactments relating to the operation of a motor vehicle while under the influence of alcohol or a drug of abuse. This is also consistent with the decision of the Ohio Supreme Court in *Fairview* v. *Giffee* (1905), 73 Ohio St. 183, 76 N.E. 865.

In the case at bar, although the Ohio Supreme Court has not allowed the credibility of the breath-testing device to be attacked, *State* v. Vega (1984), 12 Ohio St. 3d 185, 12 OBR 251, 465 N.E. 2d 1303, the court, for the purpose of defendant's motion, has allowed and afforded the defendant an opportunity to examine and question the accuracy of the BAC Verifier which was used for the purpose of measuring the blood-alcohol concentration in his breath.

For the reasons stated, the defendant's motion to suppress evidence or testing with respect to the breath test administered to the defendant is overruled.

*Motion to suppress overruled.*