OPINION
Defendant, Scott D. Mets, appeals from the judgment of the Franklin County Municipal Court finding him guilty of operating a motor vehicle with a prohibited concentration of alcohol in his breath, in violation of R.C. 4511.19(A)(3), and of operating his motor vehicle in excess of a posted speed limit, in violation of R.C. 4571.21(C). Defendant raises the following two assignments of error:
 [I.] The trial court erred in prohibiting cross examination of a prosecution witness regarding the accuracy and validity of his breath alcohol test, thereby denying appellant of his right of confrontation as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.
 [II.] The trial court erred in prohibiting cross examination of a prosecution witness regarding the accuracy and validity of his breath alcohol test, thereby denying appellant of his right to present a complete defense as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
At approximately 2:30 a.m. on July 29, 1998, defendant was stopped by Ohio State Highway Patrol Trooper Christopher Goss, placed into custody, and charged with operating a motor vehicle while under the influence of alcohol, operating a motor vehicle with a prohibited blood alcohol concentration, and operating a motor vehicle in excess of a posted speed limit. The charges constituted alleged violations of R.C. 4511.19(A)(1),4511.19(A)(3), and 4571.21(C), respectively.
At trial, Goss testified to the events which led to the defendant's traffic stop and subsequent arrest. Specifically, Goss testified that as he approached the defendant, he detected an odor of alcohol. Suspecting he was under the influence, Goss placed the defendant in custody and transported him to the Pickerington Police Department. There, defendant submitted to a breath alcohol test conducted by Goss on the Pickerington Police Department's BAC DataMaster. The analysis returned a result which indicated that the defendant had a concentration of .139 of one gram of alcohol per 210 liters of breath.
Prior to trial, defendant moved to suppress the result of his BAC DataMaster breath test. Defendant also moved to suppress all evidence which arose as a result of his July 29, 1998 traffic stop. Defendant subsequently withdrew the motion to suppress the results of his breath test, and the trial court denied his motion to suppress evidence obtained as a result of the traffic stop. Additionally, the charge of operating a motor vehicle while under the influence of alcohol was dismissed at the request of the prosecuting attorney.
On April 8, 1999, a jury returned a verdict finding the defendant guilty of operating a motor vehicle with a prohibited alcohol concentration in violation of R.C. 4511.19(A)(3). The trial court subsequently sentenced the defendant to serve one hundred eighty days' incarceration, but suspended one hundred seventy-seven days provided that defendant serve the remaining three days in an in-patient alcohol counseling program. The court also suspended defendant's driver's license for one hundred eighty days and ordered defendant to pay a two hundred dollar fine and court costs. Finally, the court found defendant guilty of operating his motor vehicle in excess of a posted speed limit in violation of R.C. 4571.21(C), and imposed a twenty dollar fine plus court costs.
Defendant argues that his right of confrontation and right to present a complete defense were violated by three rulings of the trial court, which limited the scope of defendant's cross-examination of Trooper Goss. First, defendant asserts that he was improperly prevented from asking whether or not the Pickerington BAC DataMaster had been tested for radio frequency interference. Second, defendant maintains that he was prevented from cross-examining Goss as to whether or not the Pickerington BAC unit was connected to a dedicated power line. And third, defendant maintains that he was improperly prevented from questioning Goss about the general scientific reliability of the BAC DataMaster.
In regard to the defendant's first assertion, Goss testified that he had no responsibility for either the installation or maintenance of the Pickerington BAC unit, and further, that he had no knowledge of the unit's maintenance history. Evid.R. 602 provides that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he or she has personal knowledge of the matter. In this case, the trial court properly sustained the plaintiff's objection to defendant's cross-examination regarding whether the BAC unit had been tested for radio frequency interference, as Goss had no personal knowledge of that matter. As such, defendant's first contention is not well-taken.
In regard to the defendant's second contention, we are unable to find any indication in the record that an objection was raised in response to the defendant's questioning of Goss, in regard to whether the Pickerington BAC unit was installed on a dedicated power line. Rather, the record reveals that Goss answered the defendant's question, stating that he had no personal knowledge of whether the unit was installed on a dedicated line.
In regard to the limitation placed upon defendant's questioning of Goss going to the issue of the general scientific reliability of the BAC DataMaster, we find the trial court's ruling to be in accord with the Ohio Supreme Court's decision inState v. Vega (1984), 12 Ohio St.3d 185. Therein, the Supreme Court held that "in light of R.C. 4511.19, an accused may not make a general attack upon the reliability and validity of the breath testing instrument." Id. at 190. As in Columbus v. Duling (Mar. 31, 1997), Franklin App. No. 96APC07-859, unreported, defendant's appeal in this case challenges the Supreme Court's decision inVega on the grounds that Vega violates defendant's right to present a complete defense and also impairs defendant's right of confrontation. As we noted in Duling, however, the Vega decision held that a defendant "is not denied his constitutional right to present a defense nor is the state relieved of its burden of proving guilt beyond a reasonable doubt where a trial judge does not permit expert testimony to attack the reliability of intoxilyzers in general." Id., citing Vega at 186. This court must accept and apply the law as set forth in Vega. As such, we are unable to find error in the trial court's refusal to allow the defendant to attack the reliability of the BAC DataMaster. For that reason, defendant's third contention is also not well-taken.
For the foregoing reasons, both of defendant's assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
BOWMAN, P.J., and LAZARUS, J., concur.