DECISION
Defendant-appellant, Traci L. Miskel, appeals from a judgment of the Franklin County Municipal Court finding her guilty pursuant to jury trial of one count of operating a motor vehicle with a prohibited breath alcohol content in violation of R.C.4511.19(A)(3).
On September 7, 1998, State Trooper Tito Duran stopped defendant for speeding. Ultimately, defendant was charged not only with speeding, but with driving while under the influence of alcohol and/or drugs of abuse, and driving with prohibited breath alcohol content.
The matter came before the municipal court for a jury trial. During the course of the trial, defendant attempted to challenge the general reliability of the BAC Verifier, the breath testing instrument used to determine defendant's breath alcohol content. Specifically, defendant sought to (1) cross-examine the state's witnesses on that subject, and (2) introduce testimony from Dr. Harry Shamansky, a proposed expert witness, on the general unreliability of the BAC Verifier. Premised on the Ohio Supreme Court's holding in State v. Vega (1984), 12 Ohio St.3d 185, the trial court refused to allow defendant to pursue either course.
The jury found defendant not guilty of driving while under the influence of alcohol and/or drugs of abuse, but determined defendant was guilty of driving with a prohibited breath alcohol content. The trial court also found defendant guilty of the speeding offense, and sentenced defendant accordingly. Defendant appeals, assigning the following errors:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHT OF CONFRONTATION AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY PROHIBITING CROSS EXAMINATION OF THE STATE'S WITNESSES REGARDING THE BAC VERIFIER THAT PRODUCED APPELLANT'S BREATH TEST RESULT.
ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHT OF COMPULSORY PROCESS AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY PROHIBITING APPELLANT FROM CALLING AN EXPERT WITNESS TO CHALLENGE THE GENERAL SCIENTIFIC RELIABILITY OF THE BAC VERIFIER THAT PRODUCED APPELLANT'S BREATH TEST RESULT.
ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO PRESENT A COMPLETE DEFENSE AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY PROHIBITING APPELLANT FROM CROSS EXAMINING THE STATE'S WITNESSES OR PRESENTING EVIDENCE REGARDING THE SCIENTIFIC UNRELIABILITY OF THE BAC VERIFIER THAT PRODUCED APPELLANT'S BREATH TEST RESULT.
ASSIGNMENT OF ERROR NO. 4:
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY PRECLUDING EVIDENCE ATTACKING THE SCIENTIFIC RELIABILITY OF THE BAC VERIFIER, THEREBY CREATING A CONCLUSIVE PRESUMPTION THAT RELIEVED THE PROSECUTION OF ITS BURDEN OF PROOF.
Defendant's four assigned errors are interrelated, and we address them jointly. Together they assert the trial court violated defendant's rights in precluding cross-examination of the state's witnesses and in prohibiting introduction of expert testimony, both regarding the general unreliability of the BAC Verifier. In particular, defendant contends her right to confrontation under the Sixth Amendment was violated in disallowing cross-examination of the state's witnesses, her right to compulsory process was violated in precluding her from calling Dr. Shamansky as an expert witness, her right to present a complete defense was violated in prohibiting her from cross-examining the state's witnesses, and that her right to due process was violated in precluding evidence attacking the reliability of the BAC verifier.
In City v. Duling (Mar. 31, 1997), Franklin App. No. 96APC07-859, unreported (1997 WL 142502), this court addressed a nearly identical situation. In that case, the trial court precluded defendant's cross-examination of police officers and the proposed testimony of Dr. Harry Shamansky, both designed to challenge the general reliability of the BAC Verifier, based on the Ohio Supreme Court's holding in Vega, supra. Contending the trial court erred in precluding him from attacking the general reliability of the breath testing machine, Duling argued that in doing so the trial court violated several constitutional principles, including the right to present a complete defense, the prohibition against conclusive presumptions in criminal cases, the right to confront one's accusers, and the presumption of innocence.
In rejecting those arguments, this court noted that Vega
found "[a defendant] is not denied his constitutional right to present a defense nor is the state relieved of its burden of proving guilt beyond a reasonable doubt where a trial judge does not permit expert testimony to attack the reliability of intoxilyzers in general." Duling, quoting Vega, supra, at 186. Admitting that the holding in Vega may be debatable, as evidenced by the opinion itself, this court concluded it was unable to "embrace defendant's arguments since this court is charged with accepting and enforcing the law promulgated by the Ohio Supreme Court, not changing, modifying or ignoring that law." Id.
Accordingly, this court concluded the trial court did not err in excluding the expert testimony and precluding cross-examination on the basis of Vega.
Similarly, we are constrained here to apply the Ohio Supreme Court's pronouncement in Vega. Citing Professor McCormick, the Ohio Supreme Court in Vega noted that proof and testing are now largely controlled by statute, meaning that the general reliability of tests, and the relation between blood alcohol levels and driver impairment, have been answered by the legislature through its statutes. An attack on the general reliability of breath testing instruments, said the Ohio Supreme Court, fails to "afford the legislative determination that intoxilyzer tests are proper detective devices the respect it deserves," for in enacting statutes such as R.C. 4511.19, the legislature resolved the question of the reliability and relevancy of intoxilyzer tests. Vega, supra, at 188.
Here, defendant does not attack the constitutionality of the underlying statutes. Rather, defendant seeks to attack the general reliability of the BAC Verifier. Given the Ohio Supreme Court's ruling in Vega, followed by this court in Duling, we are compelled to overrule defendant's four assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN, P.J., and TYACK, J., concur.