OPINION
This appeal emanates from the Willoughby Municipal Court. Appellant, Jeffrey M. Patt, appeals his conviction for driving under the influence of alcohol.
The record reveals that on September 27, 1998, appellant was issued a citation and was charged with "Weaving Course of Roadway", in violation of § 432.37 of the Willoughby Codified Ordinance; driving under the influence ("DUI"), in violation of § 434.01(A)(1) of the Willoughby Codified Ordinance; and driving with a prohibited concentration of alcohol on his breath, in violation of § 434.01(A)(3) of the Willoughby Codified Ordinance.[1] At his initial appearance, on October 1, 1998, appellant entered a plea of not guilty to the charges. On December 15, 1998, appellant filed a motion to suppress together with a motion in limine, challenging the admissibility of the BAC Datamaster results because the police department failed to follow the procedures enacted by the department of health. A suppression hearing took place on December 17, 1998. In a judgment entry dated January 19, 1999, the trial court overruled appellant's motion to suppress and motion in limine.[2]
The partial transcript filed in this matter reveals that at the suppression hearing, prior to any testimony, appellant argued that the department of health abused its discretion because the procedures enacted fail to ensure a scientifically reliable result. Further, he alleged that the scientifically unreliable results, which proved his guilt, violated his due process rights. The trial court explained that appellant had failed to follow the proper style of action to address the unconstitutional enactment of a law. Specifically, the court stated that "the appropriate method to go about attacking an unconstitutional enactment of law * * * is through a Declaratory Judgment Entry and not on a Motion to Suppress."[3]
After the preliminary matters were addressed, Detective Jack Beckwith ("Det. Beckwith"), a fifteen-year veteran of the Willoughby Police Department took the stand. He related that he had been "a senior operator of the Datamaster" for twelve years, which was also stipulated to by both of the parties. He testified that he re-tested for his Datamaster license and it was effective as of November 2, 1998. No other testimony pertaining to September 27, 1998, the date appellant was issued his citation, was contained in the transcript of the suppression hearing. The only testimony given by Det. Beckwith related to the calibration of the equipment on October 7, 1998, and October 13, 1998, which was applicable to Eckersley and did not apply to this case.
The January 19, 1999 entry overruling appellant's motion to suppress stated that the BAC Datamaster test had been administered in accordance with the procedures established by the department of health. Furthermore, the trial court explained that it lacked jurisdiction to hear arguments concerning the validity of the department of health enactments as to breath analysis mechanisms.
On March 4, 1999, appellant entered a plea of no contest to the charge under § 434.01(A)(3), and was found guilty. Appellee, the city of Willoughby, moved to dismiss the other charges, which the trial court granted. On that same date, the trial court sentenced appellant to a term of ninety days in jail, fined him $350, and ordered him to pay costs. The court suspended eighty-five days of the sentence. Appellant's sentence has been stayed pending appeal. Appellant filed this appeal and raises the following assignments of error:
 "[1.] The trial court erred when it denied [appellant's] motions to suppress the BAC Data[m]aster results on the grounds that the tests were not administered in accordance with the procedures established by the Director of the Department of Health.
 "[2.] The trial court erred when it ruled that it did not have jurisdiction to determine whether the test results are admissible on the ground that the procedures established by the Department of Health for the testing of alcohol concentration do not ensure scientifically reliable results."
 In his first assignment of error, appellant contends that the trial court erred in overruling his motion to suppress the Breathalyzer test results because the tests were not administered in accordance with the procedures established by the department of health.
However, based on the state of the record and transcript before us, there was no evidence that the Datamaster was properly calibrated at any time around September 27, 1998, when appellant was issued his citation, as required by the procedures established by the department of health.
Here, the record before this court is devoid of any evidence that there was a stipulation that the calibration Det. Beckwith performed on October 7, 1998, and October 13, 1998, also occurred around September 27, 1998. We cannot, therefore, assume that Det. Beckwith performed the same procedure around September 27, 1998, as he performed in October 1998. Hence, because appellee has failed to meet its burden of proof on the issue of whether the Breathalyzer test was administered according with the department of health procedures, appellant's first assignment of error is well-taken.
Due to the outcome of appellant's first assignment of error, appellant's second assignment of error will not be addressed.
Since there is no evidence from which to sustain appellant's conviction under
Willoughby Codified Ordinance § 434.01(A)(3), the judgment of the trial court is reversed, and judgment is entered for appellant.
 ______________________________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.
[1] The Breathalyzer test revealed a BAC of .195 percent.
[2] We note that the original time-stamped copy of the entry was not in the record. However, the original entry was contained in the record of Willoughby v. Eckersley (June 16, 2000), Lake App. No. 99-L-061, unreported. Also, in Eckersley, the same attorneys were involved and the same transcript was filed in both matters.
[3] State v. Vega (1984), 12 Ohio St.3d 185, andColumbus v. Day (1985), 24 Ohio App.3d 173, stand for the proposition that an accused may not use expert testimony to attack the general reliability of intoxilyzers as valid, reliable breath-testing machines because the General Assembly legislatively provided for the admission of such tests if analyzed according to the methods approved by the department of health. Vega at 188-189;Day at 174. Although an accused may not challenge the general accuracy of the legislatively determined test procedure as a valid scientific means of deciding blood-alcohol levels, he may challenge the accuracy of his specific test results. Vega at 188-189; Day at 174. Thus, it is our view that the trial court had the right outcome for a partially inappropriate reason.