OPINION
On March 24, 1999, at 2:43 a.m., appellant, David C. Click, was stopped by an Ohio State Highway Patrol officer for speeding in Ravenna Township, Ohio. Field tests were administered and appellant was placed under arrest for DUI, a violation of R.C. 4511.19(A)(1). Upon being transported to the post, he was tested with BAC and results of .112 prohibited-blood alcohol led to a charge of violating R.C. 4511.19(A)(3).
Appellant's motion to suppress was overruled. Thereafter, he pled "no contest" to the charge of violating R.C. 4511.19(A)(3); the R.C.4511.19(A)(1) and speeding charges were dismissed. It is from the Portage County Municipal Court's finding of guilty and imposition of sentence that appellant appeals, assigning two errors:[1]
 "[1.] The trial court erred in allowing into evidence the B.A.C. test results without requiring the state to prove compliance with applicable Ohio Department of Health Regulations.
 "[2.] The trial court erred in allowing into evidence state's Exhibit `C' in that the same was not properly certified pursuant to Ohio Rules of Evidence Rule 902(4) not being under seal."
 Testimony at the probable cause, suppression hearing focused upon the three breath tests that were administered at the state highway post. The first test (at 3:38 a.m.) was invalid. A second test (at 4:02 a.m.) was incomplete. The third test (at 4:05 a.m.) yielded a reading of .112. Between each of the tests, the BAC machine sequenced through the automatic readjusting steps, designed to purge the machine of any alcohol residue therein.
After the first test, the officer testified:
 "Not a bad result. It just tells you the sample can't be accepted at that time, because there is a possibility that there is residual alcohol in the mouthpiece or in the sample chamber."
 As to the second test, the officer testified to an incomplete sample. He testified that the reason for the incomplete sample was that the "appellant didn't blow hard enough." This second effort was about twenty-four minutes after the first.
As to the final test, the officer testified that he did not wait twenty minutes for the machine to recycle, stating "he didn't need to." Rather, he reset the machine, used another tube, and the third sample was taken.
The officer denied that appellant went to the bathroom and or drank water during the testing process.
Appellant argues that the state failed to prove that the solution used was not in use more than three months after its first use, Ohio Adm. Code3701-53-04(A)(1). The state counters identifying testimony that Exhibit D demonstrates the first use was March 22, 1999, within the three-month time limitation. Appellant also claims that no testimony was presented of calibration as required. The state points out that Exhibit E, the BAC Datamaster instrument check form demonstrates the testing solution was within the acceptable range. Appellant also argues that there was no evidence that a copy of the written procedure manual was on file where the test was performed, per Blood Alcohol Testing Rules, Ohio Adm. Code3701-53-01(B).
Appellant asks us to separately examine the evidence as to sufficiency and weight, and conclude that the determination upon motion is contrary to either or both. The per se provisions of R.C. 4511.19(A)(3), allowing a legal conclusion from a scientific fact, has, as a quid pro quo, the requirement that the testing be done in strict adherence to established procedures to ensure both accuracy and reliability of the test. State v.Hominsky (1995), 107 Ohio App.3d 787; State v. Vega (1984),12 Ohio St.3d 185.
The state argues that the testimony as to the several tests administered before a valid test result was obtained demonstrated to the municipal court that the machine was, indeed, operating properly in rendering the first test invalid and ultimately rendering the completed test.
While it is true that the state failed to produce evidence that a copy of the written procedure manual of the Department of Health was on file at the place where the test was performed, and the issue is preserved for appellate review, we, nonetheless, overrule the first assignment of error for the reason that appellant has failed to demonstrate any prejudice within the reach of App.R. 12(B).
App.R. 12(B) states in part:
 "When the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in appellant's brief and that the appellee is entitled to have the judgment or final order of the trial court affirmed as a matter of law, the court of appeals shall enter judgment accordingly. When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment * * *." (Emphasis added.)
 This is not an instance where the integrity of the equipment or process to be employed in determining whether the testee is presumed to be a threat to public safety is challenged. The presence of the written procedure manual has no nexus with either the equipment or the process of testing, unless made relevant by some inquiry or request for examination has been made.
We conclude that the municipal court did not err in concluding that the breath test was procured in substantial compliance with the regulations designed to assure integrity in the result. State v. Plummer (1986),22 Ohio St.3d 292
The first assignment of error is without merit.
Evid.R. 902(4) requires that Exhibit C, the instrument check solution certificate for Batch No. 98290, Bottle 1675, December 9, 1998, bear an appropriate seal. In this case, when appellant objected to the self-authenticating claims for the exhibit as not being under seal, the state pointed out, "Yes, Your Honor, there is a seal. It's not the greatest seal, but if you hold it sideways, you can see the little bumps." Previously, the officer had testified that the original certificate is kept at the patrol station and that this was a copy.
The trial court was made aware of the conflict as a factual matter. By ruling to admit the exhibit, the court implicitly recognized that the exhibit, in this regard, was self-authenticating within the parameters of Evid.R. 902(1) or (4).
We conclude that the decision of the municipal court, upon the issue of admission of Exhibit C, was neither contrary to law nor an abuse of discretion.
The second assignment of error is without merit.
The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
_____________________________________________ JUDGE JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment.
CHRISTLEY, P.J., concurs, NADER, J., dissents with Dissenting Opinion.
[1] Appellant was sentenced to sixty days in jail, $450 fine and costs. Fifty-seven days and $250 were suspended on condition that appellant attend DUI school, and have no further alcohol-related driving offenses for two years. His operator's license was suspended for six months. Sentence was suspended pending appeal.