This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, David L. Schwarz ("Appellant"), appeals a judgment of conviction from the Wadsworth Municipal Court for a violation of R.C. 4511.19. We affirm.
 I.
{¶ 2} Appellant was arrested and charged with a violation of R.C.4511.19, Driving Under the Influence ("DUI"). At the time of arrest, the arresting agency administered a breath test to Appellant using a BAC Datamaster. The test indicated a blood alcohol content of .104 grams of alcohol per 210 liters of breath. At arraignment, Appellant entered a plea of not guilty. The matter proceeded to trial with the jury returning a verdict of guilty on April 26, 2002. Appellant timely appealed, raising four assignments of error. We address the first three assignments of error together for ease of discussion.
 II. Assignment of Error No. 1
{¶ 3} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT DENIED HIM THE RIGHT TO ATTACK THE GENERAL RELIABILITY OF THE BREATH TESTING MACHINE IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS."
 Assignment of Error No. 2
{¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT DENIED HIM THE RIGHT TO ATTACK THE GENERAL RELIABILITY OF THE BREATH TESTING MACHINE USING AN EXPERT WITNESS WITH RELEVANT, MATERIAL INFORMATION."
 Assignment of Error No. 3
{¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT DENIED HIM THE RIGHT TO ATTACK THE GENERAL RELIABILITY OF THE BREATH TESTING MACHINE AND THE OHIO DEPARTMENT OF HEALTH BREATH TESTING PROGRAM."
{¶ 6} In the first two assignments of error, Appellant claims that the trial court's ruling disallowing an evidentiary attack on the general reliability of the BAC Datamaster violated his rights afforded by the Ohio Constitution, which vests plenary authority to establish rules of evidence in the Supreme Court. Further, Appellant states that R.C. 4511.19
violates the doctrine of separation of powers, "§ 6 of the United States Constitution," and "§ 14" of the United States Constitution. In making these arguments, Appellant concedes that his position is contrary to the holding of State v. Vega (1984), 12 Ohio St.3d 185. In his third assignment of error, Appellant explains in detail his expert's proffered testimony and offers it as "a compelling reason" to disregard the doctrine of stare decisis. We decline to do so.
{¶ 7} In determining blood alcohol content, the bodily substances to be tested shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to R.C. 3701.14.3. R.C. 4511.19(D)(1). For purposes of R.C. 4511.19, "the director of health shall determine, or cause to be determined, techniques or methods for chemically analyzing a person's blood, urine, breath, or other bodily substance in order to ascertain the amount of alcohol, a drug of abuse, or alcohol and a drug of abuse in the person's blood, urine, breath, or other bodily substance. The director shall approve satisfactory techniques or methods, ascertain the qualifications of individuals to conduct such analyses, and issue permits to qualified persons authorizing them to perform such analyses." R.C. 3701.14.3. The BAC Datamaster is approved by the director of health as an instrument for evidential breath testing when determining whether the concentration of alcohol in the blood is prohibitive as defined by R.C. 4511.19. Ohio Adm. Code 3701-53-02(A)(4).
{¶ 8} The General Assembly has presumed that a person can be shown to be under the influence through an objective determination by chemical test of the percentage of alcohol by weight in the blood. State v. Vega
(1984), 12 Ohio St.3d 185, 187. That presumption eliminates the need for expert testimony to relate the percentage of alcohol results to the determination of being under the influence. Id. The legislature has resolved the questions of reliability and relevancy of intoxilyzer tests, even though some experts disagree. Id. at 188.
{¶ 9} "The doctrine of stare decisis is a doctrine applying to future cases where the facts of a subsequent case are substantially the same as a former case." Rocky River v. State Emp. Relations Bd. (1989),43 Ohio St.3d 1, 5. "Decisions of a court of last resort are to be regarded as law and should be followed by inferior courts, whatever the view of the latter may be as to their correctness, until they have been reversed or overruled[.]" Krause v. State (1972), 31 Ohio St.2d 132, 148
(Corrigan, J., concurring), overruled on other grounds Schenkolewski v.Metroparks Sys. (1981), 67 Ohio St.2d 31, 36. See, also, Natanski v.Prudential Property (May 24, 1995), 9th Dist. No. 17020, at 3.
{¶ 10} In his argument, Appellant asserts that Vega was incorrectly decided by the Supreme Court of Ohio, because the decision is constitutionally infirm. Appellant does not argue that Vega was incorrectly applied in the trial court, but that Vega should be overruled. In light of the principle of stare decisis, we decline to ignore the precedent set down by the Supreme Court of Ohio. Appellant's first three assignments of error are overruled.
 Assignment of Error No. 4
{¶ 11} "THE DIRECTOR OF HEALTH ABUSED HIS DISCRETION WHEN PROMULGATING THE RULES REGARDING BREATH TESTING DEVICES AND PROCEDURES."
{¶ 12} In this assignment of error, Appellant argues that the methods for testing for blood alcohol content as promulgated by the director of health are an abuse of the director's discretion afforded by statute. This argument was raised below in a motion to "suppress/dismiss/in limine." Within that motion, Appellant challenged whether there was reasonable and articulable suspicion to stop his vehicle; whether there was probable cause for arrest; whether the arresting agency violated his Miranda rights; whether the arresting agency properly maintained and used the BAC Datamaster; and whether the director of health abused his discretion in establishing the procedures and acceptable equipment for blood alcohol testing.
{¶ 13} The trial court conducted an initial hearing on the motion on October 10, 2000. There was inadequate time at the hearing for all issues raised in the motion to be heard, and the parties agreed to argue the remaining issues at a later date, asking the trial court to withhold ruling until all issues were heard. However, Appellant filed a "Notice of Withdrawal of Motion" on January 25, 2001, wherein he withdrew the issues not yet heard and asked the trial court to rule on the issues already argued. In a judgment entry filed January 30, 2001, the trial court ruled on "the first three issues," acknowledging Appellant's withdrawal of "the final two issues[.]" The trial court then ruled on the issues of reasonable and articulable suspicion, probable cause, and the Miranda
issues. This record, while not specific, identifies "the final two issues," which were withdrawn, as the use and maintenance of the intoxylizer and the director of health's abuse of discretion.
{¶ 14} Courts have consistently held that arguments which are not raised below may not be considered for the first time on appeal.Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.
(1993), 67 Ohio St.3d 274, 279.
{¶ 15} There is nothing in the record to indicate that the issue of the director of health's abuse of discretion was raised anew in the trial court. As a consequence, this argument is not properly before this court on appeal and we decline to consider it. Appellant's fourth assignment of error is overruled.
 III.
{¶ 16} Appellant's four assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.
CARR, J. and BATCHELDER, J. CONCUR.