[Cite as *State v. Devitt*, 2013-Ohio-5812.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| STATE OF OHIO, | : | **O P I N I O N** |
| | | |
| Plaintiff-Appellant, | : | |
| | | **CASE NO. 2012-P-0131** |
| - vs - | : | |
| | | |
| COREY M. DEVITT, | : | |
| | | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. R 2012 TRC 5025.

Judgment:  Reversed and remanded.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Plaintiff-Appellant).

*William G. Simon, Jr.,* Sicuro & Simon, 213 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1}    The state of Ohio appeals the judgment of the Portage County Municipal Court, Ravenna Division, granting a motion in limine seeking to exclude the results of an Intoxilyzer 8000 test filed by appellee, Corey M. Devitt.

{¶2}    On the morning of April 19, 2012, appellee was stopped for driving left of the center line.  Appellee failed field sobriety tests and was charged with operating a

vehicle under the influence ("OVI") pursuant to R.C. 4511.19(A)(1)(a). At the station, appellee's breath test revealed a blood-alcohol concentration of .116. Thus, he was also cited for OVI pursuant to R.C. 4511.19(A)(1)(d).

{¶3} Appellee filed a motion in limine to exclude the results of his breath test, challenging the general reliability of the Intoxilyzer 8000. The state argued that it was not required to present evidence that the Intoxilyzer 8000 is reliable because the legislature had delegated this determination to the Director of Health, and the Supreme Court of Ohio upheld this delegation of authority in *State v. Vega*, 12 Ohio St.3d 185 (1984).

{¶4} After considering the parties' relative arguments, the trial court granted appellee's motion in limine, holding that the state was required to produce evidence that the Intoxilyzer 8000 is reliable in order for his test results to be admissible at trial. The trial court granted the state's motion to stay execution of the judgment.

{¶5} The state appeals the trial court's judgment, asserting the following for its sole assignment of error:

{¶6} "The Portage County Municipal Court erred in permitting a general attack on the scientific reliability of the Intoxilyzer 8000 contrary to Ohio statutes and well-established case law."

{¶7} Pursuant to this court's en banc judgment and opinion in *State v. Bergman*, 11th Dist. Portage No. 2012-P-0124, 2013-Ohio-____, the state's assignment of error has merit.

2

{¶8} It is therefore the judgment and order of this court that the judgment of the Portage County Municipal Court, Ravenna Division, is reversed, and this matter is remanded to the trial court for further proceedings.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.