OPINION
This is an appeal from the Willoughby Municipal Court. Appellant, Rachel Eckersley, appeals her conviction for driving under the influence of alcohol.
The record reveals that on October 11, 1998, appellant was issued a citation and was charged with failure to maintain an assured cleared distance, in violation of § 434.03 of the Willoughby Codified Ordinance; driving under the influence ("DUI"), in violation of § 434.01(A)(1) of the Willoughby Codified Ordinance; and driving with a prohibited concentration of alcohol on her breath, in violation of § 434.01(A)(3) of the Willoughby Codified Ordinance. At her initial appearance, on October 15, 1998, she entered a plea of not guilty to the charges. On November 16, 1998, she filed a motion to suppress along with a motion in limine, challenging the admissibility of the BAC Datamaster results because the police department failed to follow the procedures enacted by the department of health. A suppression hearing took place on December 17, 1998. The trial court overruled appellant's motion to suppress and motion in limine on January 19, 1999.
At the suppression hearing, prior to any testimony, appellant argued that the department of health abused its discretion because the procedures it enacted failed to ensure a scientifically reliable result.[1] Further, she stated that the scientifically unreliable results that proved her guilt violated her due process rights. The trial court explained that appellant had failed to initiate the proper style of action to address the unconstitutional enactment of a law. Specifically, the court stated that "the appropriate method to go about attacking an unconstitutional enactment of law *** is through a Declaratory Judgment Entry and not on a Motion to Suppress."[2]
After the preliminary matters were addressed, Detective Jack Beckwith ("Det. Beckwith"), a fifteen-year veteran of the Willoughby Police Department took the stand. He related that he had been "a senior operator of the Datamaster" for twelve years, which was also stipulated to by both of the parties. He testified that he re-tested for his Datamaster license and his license was renewed November 2, 1998.
Det. Beckwith recalled that Lieutenant Les Whitten had administered a breath test to appellant on October 11, 1998.[3] Det. Beckwith further added that he had calibrated the Datamaster on October 7, 1998, and again on October 13, 1998. He explained that the rules require that the calibration take place "no farther than seven days apart." The prosecutor proceeded to question Det. Beckwith as to the solution used for the instrument check. He indicated that a state-licensed, certified solution from the manufacturer rated at .099 was used. He informed the court that the same solution had been used on October 7, 1998, and on October 13, 1998. The bottle was first used on August 2, 1998, and usually expires three months after the initial use. He also revealed that the batch number on the solution was lot number 98080. Det. Beckwith testified that, in his opinion, on the day appellant was tested, the Datamaster equipment was operating properly.[4]
In overruling appellant's motion to suppress on January 19, 1999, the trial court reasoned that the BAC Datamaster test had been administered in accordance with the procedures established by the department of health. Furthermore, the trial court explained that it lacked jurisdiction to hear arguments concerning the validity of the department of health enactments as to breath analysis mechanisms. Again, appellant's arguments focused on scientific reliability.
On March 4, 1999, appellant entered a plea of no contest to the charge under § 434.01(A)(3), and was found guilty. Appellee, the city of Willoughby, moved to dismiss the other charges, which the trial court granted. On that same date, the trial court sentenced appellant to a term of ninety days in jail, fined her $350, and ordered her to pay costs. The court suspended eighty-five days of the sentence. Appellant's sentence has been stayed pending appeal. Appellant filed this appeal and raises the following assignments of error:
 "[1.] The trial court erred when it denied [appellant's] motions to suppress the BAC Data[m]aster results on the grounds that the tests were not administered in accordance with the procedures established by the Director of the Department of Health.
 "[2.] The trial court erred when it ruled that it did not have jurisdiction to determine whether the test results are admissible on the ground that the procedures established by the Department of Health for the testing of alcohol concentration do not ensure scientifically reliable results."
 In her first assignment of error, appellant alleges that the trial court erred in overruling her motion to suppress the Breathalyzer test results because the test was not administered in accordance with the procedures established by the department of health. Specifically, appellant argues that appellee failed to produce evidence demonstrating that the police did not conduct radio frequency interference checks, the police did not store the calibration solution properly, and that the instrument used to test the calibration of the Datamaster did not heat the solution to the proper temperature. In essence, appellant seems to be arguing that the trial court's decision to overrule her motion to suppress was against the manifest weight of the evidence.
Preliminarily, we note that appellant raises the foregoing arguments for the first time on appeal. From the partial transcript contained in the record, her argument at the suppression hearing centered on challenging the lawfulness of the department of health regulations and the nonconforming procedures of the police in maintaining and using the breath-testing machine. Appellant has, therefore, waived the right to have these issues reviewed on appeal because she did not raise them in the trial court. State v. Awan (1986), 22 Ohio St.3d 120, syllabus; Conklev. Wolfe (1998), 131 Ohio App.3d 375, 381.
Even assuming arguendo that appellant's allegations in her motion to suppress and at the suppression hearing encompassed the arguments she is now raising on appeal, her arguments lack merit.
In the instant matter, appellee has the burden of proving compliance with O.A.C. 3701-53-04, regarding the calibration of a Breathalyzer machine. State v. Walters (July 22, 1998), Seneca App. No. 13-98-04, unreported, at 1, 1998 WL 409124. Pursuant to O.A.C. 3701-53-04(A), the device must be calibrated "no less frequently than once every seven days in accordance with the appropriate instrument checklist ***." Law enforcement agencies are required to regularly calibrate breath-testing machines using "an instrument solution containing ethyl alcohol approved by the director of health." O.A.C. 3701-53-04(A)(1). This calibration solution contains a prescribed concentration of alcohol referred to as a "target value," which when used in the breath-testing device should produce a readout of .100 grams of alcohol per 210 liter of breath, plus or minus .005. The director of health issues a certificate for each batch of calibration solution distributed to the agencies to certify the accuracy of the solution. If the Breathalyzer machine processes the solution and produces a result that is too high or too low, the instrument is taken out of service. O.A.C. 3701-53-04(A)(1).
However, we are mindful of the trial court's ability to assess the probative value of the evidence presented in appellant's motion to suppress. At a suppression hearing, the trial court serves as the trier of fact and must judge the credibility of the witnesses and the weight of the evidence.State v. Fanning (1982), 1 Ohio St.3d 19, 20.
In the case at bar, appellant only provided us with a partial transcript from the suppression hearing, which solely contained Det. Beckwith's testimony. Since appellant has failed to provide a sufficient transcript of all the evidence relevant to this issue, we have no other choice but to presume the regularity of the proceedings in the trial court. State v. Beatty (Nov. 24, 1995), Geauga App. No. 94-G-1885, unreported, at 5, citingOstrander v. Parker-Fallis Insulation Co. (1972), 29 Ohio St.2d 72.
In State v. Angus (Sept. 30, 1992), Geauga App. No. 91-G-1676, unreported, at 3-4, this court has stated that:
 "`Because there is a presumption of regularity in the determinations of a trial court in the absence of a showing to the contrary and, in such case, stated in another sense, an associated presumption that the evidence adduced will support the trial court's judgment, it is basic to appellate law that a trial court's judgment will not be reversed on appeal as being against the weight of the evidence unless all of the evidence is provided to the appellate court for review. Likewise, in the circumstances here, it cannot be determined whether the judgment is contrary to law because the evidence that was provided to us in the partial transcript of proceedings is not conclusive on the issues raised.' Robinson v. McDougal (Aug. 13, 1990), Paulding App. No. 11-89-7, unreported, at 5." (Emphasis sic.)
 We have further held that a partial transcript is inadequate to contest the weight of the evidence when it is clear from the record that not all of the relevant proof has been provided. State v. Simpfendorfer (Oct. 22, 1999), Geauga App. Nos. 98-G-2180 and 98-G-2181, unreported, at 4; Hall v. Patton (Sept. 2, 1988), Geauga App. No. 1413, unreported, at 2-3. Therefore, appellant's first assignment of error lacks merit.
In her second assignment of error, appellant contends that the trial court erred when it ruled that the proper method for challenging procedures established by the department of health was through an action for declaratory judgment. However, the cases relied on by the trial court do not specifically stand for that proposition.
In Vega, 12 Ohio St.3d at 190, the Supreme Court of Ohio held "an accused may not make a general attack upon the reliability and validity of the breath testing instrument." Moreover, while the department of health is granted authority to determine the techniques and methods for testing, it may not abuse its discretion. An abuse of discretion has been defined as an unreasonable, arbitrary, or unconscionable act. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
It is well-settled that while a defendant "may not challenge the general accuracy of the legislatively determined test procedure as a valid scientific means of determining blood-alcohol levels, he may challenge the accuracy of his specific test result." Day, 24 Ohio App.3d at 174. Thus, appellant's contention is without merit to the extent that she is generally challenging the accuracy of the Datamaster.
We also find no merit in appellant's argument to the extent that she is challenging her own specific test results. Although there was an incomplete transcript, it did reveal that the Datamaster was calibrated properly both before and after appellant's test. Det. Beckwith testified that in his opinion, the Datamaster was operating properly when appellant was tested. For these reasons, appellant's second assignment of error is not well-founded.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Willoughby Municipal Court is affirmed.
 _________________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., MILLIGAN, J., Ret., Fifth Appellate District, sitting by assignment, concur.
[1] We note that in support of this contention, appellant proffered Dr. Sutheimer's opinion, not his testimony.
[2] State v. Vega (1984), 12 Ohio St.3d 185, andColumbus v. Day (1985), 24 Ohio App.3d 173, stand for the proposition that an accused may not use expert testimony to attack the general reliability of intoxilyzers as valid, reliable breath-testing machines because the General Assembly has legislatively provided for the admission of such tests if analyzed according to the methods approved by the department of health.Vega at 188-189; Day at 174. However, although an accused may not challenge the general accuracy of the legislatively determined test procedure as a valid scientific means of deciding blood-alcohol levels, he may challenge the accuracy of his specific test results. Vega at 188-189; Day at 174. Thus, it is our view that the trial court came to the right conclusion for a partially inappropriate reason.
[3] The Breathalyzer test revealed a BAC of .122 percent, which resulted in appellant being charged with a violation under § 434.01(A)(3) of the Willoughby Codified Ordinance.
[4] Only a partial transcript from the suppression hearing was included in the record. Det. Beckwith was the only witness whose testimony was available to this court on appeal.