The STATE of Ohio, Appellee,

v.

SUCHEVITS, Appellant.

[Cite as *State v. Suchevits* (1999), 138 Ohio App.3d 99.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 98–L–205.

Decided Dec. 17, 1999.

*Charles E. Coulson,* Lake County Prosecuting Attorney, and *Julie Mitrovich King,* Assistant Prosecuting Attorney, for appellee.

*R. Paul LaPlante,* Lake County Public Defender, and *Vanessa R. MacKnight,* Assistant Public Defender, for appellant.

---

CHRISTLEY, Judge.

This is an accelerated appeal taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Lynda C. Suchevits, appeals from the sentence meted out by the trial court following her conviction for driving while under the influence of alcohol.

On February 11, 1998, appellant was arrested for driving while under the influence of alcohol after she failed roadside sobriety tests administered by an officer from the Painesville Police Department. Appellant was transported to the police station where she submitted to a Breathalyzer test. The machine indicated that appellant had a concentration of .146 of one gram by weight of alcohol per two hundred ten liters of her breath.

On March 30, 1998, the Lake County Grand Jury indicted appellant for driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1) and driving with a prohibited concentration of alcohol in her breath in violation of R.C. 4511.19(A)(3). Both charges constituted felonies of the fourth degree because appellant had previously been convicted of or pled guilty to three violations of R.C. 4511.19 or a similar municipal ordinance within six years of her latest offense. Appellant waived her right to be present at the arraignment and entered a written plea of not guilty to the charges.

Subsequently, appellant withdrew this plea and entered a written plea of guilty to the charge under R.C. 4511.19(A)(1) on June 16, 1998. Upon application of the prosecuting attorney and for good cause shown, the trial court entered a *nolle prosequi* with regard to the second count of the indictment.

The matter came on for sentencing on August 3, 1998. The trial court sentenced appellant to serve a mandatory term of sixty days in the Lake County Jail and to pay a mandatory fine of $750. The trial court also suspended appellant's driver's license for a period of three years.

Prior to the hearing, appellant had filed an affidavit of indigency in which she averred that she was indigent and unable to pay the mandatory fine associated with her conviction for driving while under the influence of alcohol. Subsequently, during the sentencing hearing, the assistant public defender representing appellant raised the issue of the latter's indigency. The public defender acknowledged that the $750 fine appeared to be statutorily mandated, but she requested that

the trial court nevertheless rule on her oral motion to waive the fine in order to preserve the issue for appellate review. The trial court obliged and overruled the motion on the ground that it was required by statute to impose a minimum mandatory fine of $750 for a fourth-degree felony OMVI offense.

From her conviction and sentence, appellant filed a timely notice of appeal with this court. She now asserts the following assignment of error:

"The trial court erred to the prejudice of defendant-appellant when it imposed the mandatory fine despite the indigence of the defendant-appellant."

In her lone assignment of error, appellant contends that the trial court erred by imposing the $750 fine. According to appellant, the trial court had a duty to make an affirmative determination of her ability to pay the fine. Appellant further claims that upon making this determination, the trial court had the discretion to waive the payment of the fine based on her indigency. On appeal, appellant asks us to vacate the fine and to remand the matter with instructions for the trial court to hold a hearing on whether appellant has the ability to pay the fine in light of the affidavit of indigency that she filed prior to the sentencing hearing.

We decline to do so. Contrary to appellant's position, the trial court had no choice but to levy the financial sanction on appellant, notwithstanding her alleged status as an indigent defendant.

As described previously, appellant had three prior convictions for violating R.C. 4511.19 or a similar municipal ordinance within six years of her latest offense. Pursuant to R.C. 4511.99(A)(4), therefore, she was convicted and sentenced by the trial court for a felony of the fourth degree.

It is axiomatic that the General Assembly not only has the power to define and classify crimes committed within the state, but also is lodged with broad plenary authority to prescribe punishment for such criminal offenses. See *State v. Rush* (1998), 83 Ohio St.3d 53, 57, 697 N.E.2d 634, 637; see, also, *State v. Morris* (1978), 55 Ohio St.2d 101, 112, 9 O.O.3d 92, 98–99, 378 N.E.2d 708, 715 ("It has long been recognized in this state that the General Assembly has the plenary power to prescribe crimes and fix penalties."). In this case, the trial court had a duty pursuant to R.C. 4511.99(A)(4)(a) to sentence appellant in accordance with R.C. 2929.11 through 2929.19. These sections of the Revised Code set forth the basic penalties prescribed by the General Assembly for felony offenses in Ohio.

As part of appellant's sentence, the trial court had to impose a minimum mandatory term of local incarceration of sixty consecutive days of imprisonment in accordance with R.C. 2929.13(G)(1). See R.C. 4511.99(A)(4)(a). Although the

trial court could have given appellant more jail time, it elected to impose the minimum mandatory term of sixty days.

Beyond the mandatory term of local incarceration, R.C. 4511.99(A)(4)(a) codifies the following directive with respect to a fine:

"In addition to all other sanctions imposed, the court *shall impose upon the offender*, pursuant to section 2929.18 of the Revised Code, *a fine of not less than seven hundred fifty* nor more than ten thousand dollars." (Emphasis added.)

In turn, R.C. 2929.18(B)(3) provides:

"For a fourth degree felony OMVI offense, the sentencing court *shall impose upon the offender a mandatory fine* in the amount specified in division (A)(4) of section 4511.99 of the Revised Code." (Emphasis added.)

When read in conjunction, R.C. 4511.99(A)(4)(a) and 2929.18(B)(3) clearly required the trial court in the case *sub judice* to levy a minimum mandatory fine of $750 on appellant because she was a fourth-degree felony OMVI offender.[1] Although the trial court could have gone as high as $10,000 when fining appellant, it elected to impose the minimum amount of $750.

There is no ambiguity in these statutes. In both instances, the General Assembly used the word "shall," as opposed to the word "may." The Supreme Court of Ohio has observed:

██ "In statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage." *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus.

With regard to R.C. 4511.99(A)(4)(a) and 2929.18(B)(3), there is no discernible legislative intent whatsoever that the word "shall" should receive a construction other than its ordinary usage. Therefore, we construe these statutes as being mandatory. See, *e.g.*, *State v. Minotti* (May 20, 1987), Summit App. No. 12826, unreported, at 1, 1987 WL 11533 (holding that the term "shall" as used in R.C. 4511.99[A][2] is mandatory).

---

1. This court would also point appellant's attention to R.C. 2929.19(C)(1). It reads:

   "If the offender is being sentenced for a fourth or a fourth degree felony OMVI offense and if the court is required by division (G)(1) of section 2929.13 of the Revised Code to impose as a sanction a mandatory term of local incarceration, the court shall impose the mandatory term of local incarceration in accordance with that division, shall impose a mandatory fine in accordance with division (B)(3) of section 2929.18 of the Revised Code and, in addition, may impose additional sanctions as specified in sections 2929.15, 2929.16, 2929.17, and 2929.18 of the Revised Code." (Emphasis added.)

R.C. 4511.99(A)(4)(a) specifies the amount of the mandatory fine for a fourth-degree felony OMVI offense, but R.C. 2929.18 is the statute that actually authorizes the imposition of financial sanctions upon felony offenders. When reviewing R.C. 2929.18 in its entirety, it is clear that the General Assembly did in some instances provide for the waiver of an otherwise mandatory fine due to an offender's indigence. For example, R.C. 2929.18(B)(1) reads:

"For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. *If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.*" (Emphasis added.)

Obviously, when the General Assembly intended to allow for the possibility that a mandatory fine could be waived, the legislature included language to that effect in the relevant statutory division itself. R.C. 2929.18(B)(1) is such an example. That statute, however, applies only to fines meted out on offenders who were convicted of a first-, second-, or third-degree felony violation of any provision of R.C. Chapters 2925, 3719, or 4729.

In the case at bar, appellant was convicted of a fourth-degree felony violation of R.C. Chapter 4511, to wit, driving while under the influence of alcohol as proscribed by R.C. 4511.19(A)(1). The applicable financial sanction for this offense is set forth in R.C. 2929.19(B)(3), which does not provide for any possible waiver of the mandatory fine based on the offender's indigent status.

Appellant's reliance on *State v. Haberman* (Feb. 1, 1994), Union App. Nos. 14-93-24 and 14-93-25, unreported, 1994 WL 29872, to support her position is misplaced. In *Haberman*, the defendant pled guilty to the first-degree misdemeanor version of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1). Prior to sentencing, the defendant filed a motion to suspend the fine, along with an accompanying affidavit of indigency. The trial court, however, fined the defendant $9,600 for violating R.C. 4511.19(A)(1) without holding a hearing to determine whether he had the ability to pay the fine. On appeal, the Third District Court of Appeals found prejudicial error based on the fact that the trial court had not conducted any inquiry into the defendant's ability to pay the fine.

*Haberman* is clearly distinguishable from the instant case. In *Haberman*, the trial court was operating under the R.C. 2929.22 criteria governing the imposition of a sentence for a misdemeanor. In determining whether to impose a fine and

the amount thereof, the trial court had a duty to consider "the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender." R.C. 2929.22(A) see, also, R.C. 2929.22(F).

By contrast, the trial court in the present case was guided by the R.C. 2929.18 provisions governing the imposition of financial sanctions upon a felony offender. Unlike the defendant in *Haberman,* appellant was a repeat drunk driver who pled guilty to a fourth degree felony OMVI offense. As a result, R.C. 2929.18(B)(3) was the applicable law, and it *commands* a trial court to "impose upon the offender a mandatory fine in the amount specified in division (A)(4) of section 4511.99 of the Revised Code." Under R.C. 4511.99(A)(4), the minimum mandatory fine that the trial court could have imposed upon appellant was precisely what she received, to wit, a $750 fine.

Appellant is incorrect in asserting that the trial court had a duty to hold a hearing to determine her ability to pay the fine. Moreover, the trial court had no discretion to waive the fine associated with the offense to which appellant pled guilty. Indeed, this court has previously held that R.C. 2929.18(B)(3), in conjunction with R.C. 4511.99(A)(4), compels the trial court to impose a minimum mandatory fine of $750 on fourth-degree felony OMVI offenders. See *State v. Cottrell* (Nov. 5, 1999), Lake App. No. 98–L–220, unreported; *State v. Spinelli* (July 23, 1999), Lake App. No. 98–L–093, unreported.

Based on the foregoing analysis, the assignment of error is meritless. Accordingly, the judgment of the trial court is affirmed.

FORD, P.J., and NADER, J., concur.