[Cite as *State v. Flanagan*, 2013-Ohio-1741.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


STATE OF OHIO,                                     :          **O P I N I O N**

         Plaintiff-Appellant,          :

    - vs -                                          :          **CASE NO.  2012-P-0137**

ANDREW T. FLANAGAN,                     :

         Defendant-Appellee.          :


Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. R 2012 TRC 3364.

Judgment:  Reversed and remanded.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*Craig M. Stephens,* 206-A South Meridian Street, P.O. Box 229, Ravenna, OH 44266 (For Defendant-Appellee).


DIANE V. GRENDELL, J.

{¶1}    Plaintiff-appellant, the State of Ohio, appeals from the judgment of the Portage County Municipal Court, Ravenna Division, granting defendant-appellee, Andrew T. Flanagan's, Motion in Limine/Motion to Suppress.  The issue to be decided in this case is whether a trial court, in the performance of its role as gatekeeper, may require the State to demonstrate the general scientific reliability of a breath testing instrument where the Ohio director of health has approved such instrument for

determining the concentration of alcohol in a person's breath. For the following reasons, we reverse and remand the decision of the court below.

{¶2} On March 14, 2012, Flanagan was issued a traffic ticket, charging him with Operating a Vehicle While Under the Influence (OVI), a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a); OVI, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(h); and No Rear-Plate Light, a minor misdemeanor, in violation of R.C. 4513.05.

{¶3} On July 12, 2012, Flanagan filed a Motion in Limine/Motion to Suppress. In this Motion, he asserted various specific challenges related to the breath test including, inter alia, that the test was not conducted in accordance with the pertinent administrative code provisions and that the machine operator was not properly qualified. An Amended Motion in Limine/Motion to Suppress was filed on July 17, 2012, adding that the results of the intoxilyzer breath test should be suppressed pursuant to the trial court's prior holding in *State v. Johnson*, Portage Municipal Court Case No. R 2011 TRC 4090, and the State's refusal to present evidence of the intoxilyzer's scientific reliability. The State filed a response, arguing that the State need not present evidence to establish the general reliability of the Intoxilyzer 8000, citing *State v. Vega*, 12 Ohio St.3d 185, 465 N.E.2d 1303 (1984).

{¶4} On October 15, 2012, a hearing was held on the Motion in Limine/Motion to Suppress. No transcript of this hearing was filed.

{¶5} In an October 22, 2012 Journal Entry, the trial court granted Flanagan's Motion in Limine/Motion to Suppress with respect to the results of the Intoxilyzer 8000. The court limited its review of Flanagan's Motion "solely to the admissibility of a BAC

2

test from the Intoxilyzer 8000." It applied its holding in *Johnson* to the present case. In *Johnson*, the trial court held that the State was required to present evidence at a hearing for the trial court to determine the general scientific reliability and admissibility of the breath test results of the Intoxilyzer 8000. Based on the foregoing, the trial court held that the "breath test results from the Intoxilyzer 8000 are not admissible at the trial of Defendant" and that "[t]he remaining charges alleging a violation of ORC 4511.19(A)(1)(a) and 4513.05 shall be set for trial on the Court's docket." The court also stayed further proceedings in the matter pending the outcome of the appeal.

{¶6} The State timely appeals and raises the following assignment of error:

{¶7} "The Portage County Municipal Court erred in permitting a general attack on the scientific reliability of the Intoxilyzer 8000 contrary to Ohio statutes and well-established case law."

{¶8} The appropriate standard of review where the lower court's judgment is challenged on a purported misconstruction of the law is de novo. *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 16.

{¶9} In its sole assignment of error, the State argues that, pursuant to Sections 3701.143 and 4511.19(D)(1)(b) of the Ohio Revised Code, and Ohio Administrative Code 3701-53-02(A)(3), a trial court is required to accept the Intoxilyzer 8000 as an appropriate device for chemically analyzing a person's breath to ascertain the amount of alcohol in the breath.

{¶10} The *Johnson* case, relied upon by the municipal court, has been reversed. *State v. Johnson*, 11th Dist. No. 2012-P-0008, 2013-Ohio-440, ¶ 32 ("the legislature has allowed the director of the department of health to determine that the Intoxilyzer 8000 is

3

generally reliable"). This court has held, in many other decisions, that the State is not required to introduce evidence of the Intoxilyzer 8000's scientific reliability for the breath test results to be admissible. *State v. Miller*, 11th Dist. No. 2012-P-0032, 2012-Ohio-5585, ¶ 26, quoting *Vega*, 12 Ohio St.3d at 190, 465 N.E.2d 1303 ("an accused may not make a general attack upon the reliability and validity of the breath testing instrument"). Flanagan raises no arguments that have not already been considered by this court in its previous decisions, such that a different holding would be warranted.

{¶11} The sole assignment of error is with merit.

{¶12} For the foregoing reasons, the judgment of the Portage County Municipal Court, Ravenna Division, granting Flanagan's Motion in Limine/Motion to Suppress, is reversed, and this cause is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.

CYNTHIA WESTCOTT RICE, J., concurs,

THOMAS R. WRIGHT, J., dissents with a Dissenting Opinion.

_____

THOMAS R. WRIGHT, J., dissents with a Dissenting Opinion.

{¶13} R.C. 4511.19(D)(1)(b) does not mandate admissibility of breath test results derived from the Intoxilyzer 8000. Rather, that statute which, by its plain language controls the issue in this case, vests the trial court with discretion regarding admissibility despite approval from the director. I, therefore, respectfully dissent.

4

{¶14} R.C. 3701.143 empowers the director to approve breath testing devices, and R.C. 4511.19(D)(1)(b) grants trial courts the discretion to admit the results from approved devices without further proof of reliability when circumstances warrant. Although some claim the contrary, nobody is correct all the time. In recognizing human fallibility, the legislature had the wisdom to vest within the trial court the discretion per R.C.4511.19(D)(1)(b) to conduct further inquiry when there is an issue as to the reliability of an approved breath testing device before admitting the results.

{¶15} R.C. 4511.19(D)(1)(b) states that "[i]n any criminal prosecution or juvenile court proceeding for a violation of division (A) or (B) of this section or for an equivalent offense that is vehicle-related, the court *may* admit evidence on the concentration of alcohol, drugs of abuse, controlled substances, metabolites of a controlled substance, or a combination of them in the defendant's whole blood, blood serum or plasma, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the substance withdrawn within three hours of the time of the alleged violation[,]" and "[t]he bodily substance withdrawn under division (D)(1)(b) of this section shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director pursuant to section 3701.143 of the Revised Code." (Emphasis added.)

{¶16} The statute does not use the word "shall," which would mandate admission regardless of the circumstances. Rather, the statute uses the word "may." For purposes of statutory construction, "use of the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary * * *."

5

*Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107 (1971); *State v. Suchevits*, 138 Ohio App.3d 99, 102 (11th Dist. 1999).

{¶17}  In this case, the trial court exercised its discretion not to admit the breath test absent proof from the state that the Intoxilyzer 8000 is generally reliable, a decision consistent with the discretion it possesses under R.C.4511.19(D)(1)(b).  As reliability presents a threshold admissibility issue, reliability, as opposed to the weight to be afforded any admitted evidence, is one for the trial court.  *Knott v Revolution Software Inc.* 181 Ohio App.3d 519, 2009-Ohio-1191, ¶45 (5th Dist.); *State v. Riley*, 6th Dist. No. WD-03-076, 2007-Ohio-879, ¶27 (expert testimony must be deemed reliable before it is deemed admissible.); *Saad v. Shimano American Corp.*, 2000 U.S. Dist. LEXIS 10974, *7 (N.D. Ill. 2000)(The Supreme Court has made it clear that the courts must allow into evidence only expert testimony that meets certain threshold standards of reliability and usefulness).

{¶18}  Moreover, the determination of evidential reliability necessarily implicates the defendant's substantive due process rights.

{¶19}  "Substantive due process, [although an] ephemeral concept, protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action.  The fundamental rights protected by substantive due process arise from the Constitution itself and have been defined as those rights which are 'implicit in the concept of ordered liberty.'  (* * *) While this is admittedly a somewhat vague definition, it is generally held that an interest in liberty or property must be impaired before the protections of substantive due process become

available." *State v. Small,* 162 Ohio App.3d. 375, 2005-Ohio-3813, ¶11 (10th Dist.), quoting *Gutzwiller v. Fenik,* 860 F. 2d. 1317, 1328 (6th Cir. 1989).

{¶20} However vague the conceptual parameters of one's substantive due process guarantees may be, the following principle is clear; "[substantive] * * * due process is violated by the introduction of seemingly conclusive, but actually unreliable evidence." *Barefoot v. Estelle,* 463 U.S. 880, 931, fn. 10 (1983).

{¶21} The trial court was aware that other courts had deemed the Intoxilyzer 8000 unreliable even though it was approved. Against this backdrop, the court ordered the state to establish the general reliability of the Intoxilyzer 8000 before admitting the results. Given the constitutional gravity of admitting unreliable results, however, and its statutory authority to act as gatekeeper regarding breath test results, the lower court's decision to require the state to produce evidence of the machines reliability was an eminently reasonable and sound legal decision. "[A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11.

{¶22} Rather than present evidence of the general reliability of the Intoxilyzer 8000, the state took the position that the trial court could not require it to do so pursuant to *Vega* and its progeny. *Vega,* 12 Ohio St.3d 185 (1984). I do not read *Vega* as holding that under no circumstances can a trial court exercise its discretion to require evidence of general reliability of an approved breath testing device as a condition to admissibility.

7

{¶23} In *Vega,* the court held "* * * an accused is not denied his constitutional right to *present a defense* nor is the state relieved of its burden of proving guilt beyond a reasonable doubt where a trial judge does not permit expert testimony to attack the *reliability of intoxilyzers in general.*" (Emphasis added.) *Id*. at 186.

{¶24} Threshold admissibility was not at issue in *Vega.* That is, the defendant made no challenge to the trial court's admission of his breath test result. Instead, after the state presented its case and rested, the defendant attempted to present a "reliability" defense by attacking intoxilyzers in general. *See also State v. Vega,* 5th Dist. No. CA-1766, 1993 Ohio App LEXIS 14350, *16 (Nov.22, 1983)(Hoffman, J., dissenting). Unlike *Vega,* 12 Ohio St.3d 185, threshold admissibility is the issue in the case before us. Moreover, unlike *Vega,* our case is not about the reliability of intoxilyzers in general. Our case is limited to whether the Intoxilyzer 8000 is reliable. In short, the circumstances at issue in *Vega* were fundamentally distinguishable from those in our case.

{¶25} Additionally, the rule in *Vega* does not contemplate a situation where, as here, an approved device's general reliability has been assessed by other courts for both use in and out of this state and the device's reliability has been found suspect. *See State v. Johnson*, Portage County Municipal Court, January 6, 2012. *Vega* expressly states that its holding does not involve a situation where the defense asserts that there was an abuse of discretion by the director in approving the breath testing device at issue. *Vega* at 187, fn. 2. Obviously, in our case, if the Intoxilyzer 8000 is unreliable, approval would amount to an abuse of discretion and admission of the test results a violation of substantive due process.

8

{¶26} Breath tests are "'* * * generally recognized as being reasonably reliable on the issue of intoxication when conducted *with proper equipment* and by competent operators.'" (Emphasis added.) *Vega* at 186, quoting *Westerville v. Cunningham*, 15 Ohio St.2d 121, 128(1968). Thus, the central issue as presented in the case before us, does the Intoxilyzer 8000 qualify as "proper equipment"? The answer is "yes" if it is generally reliable and "no" if it is not. This is a query, however, that, under Ohio law, a trial court is entitled to resolve pursuant to R.C. 4511.19(D)(1)(b).

{¶27} In this case, the trial court exercised its discretion to safeguard the defendant's right to substantive due process by merely requiring the state to show the Intoxilyzer 8000 is generally reliable. Under the circumstances, this decision was sound and reasonable. This is particularly true in light of the fact that a trial court is vested with broad discretion in the admission or exclusion of evidence and in recognition that it has inherent power to exclude or strike evidence *on its own motion*. *Caroll v Caroll*, 7th Dist. No. 89-C-1, 1990 Ohio App. LEXIS 1339, *8 (April 5, 1990); *Neil v. Hamilton County*, 87 Ohio App.3d 670; *Oakbrook Realty Corp. v. Blout*, 48 Ohio App.3d 69, 70 (10th Dist. 1988).

{¶28} Given the foregoing point, there is no reason to remand this case to the trial court based upon perceived inadequacies in the motion to suppress. The trial court made it abundantly clear that it would not admit the test results absent proof of reliability of the Intoxilyzer 8000. Requiring the proponent to establish the reliability of scientific evidence is something that a trial court *may require* as previously discussed. The state was well aware of what the trial court required when it ordered the state to produce evidence of the Intoxilyzer 8000's reliability, independent and irrespective of the

9

contents of the motion to suppress. Accordingly, there is no procedural due process violation of the state's right to notice and an opportunity to be heard. The trial court's order was unambiguous and an exercise of the sound discretion as the gatekeeper of breath test result admissibility.

{¶29} When an appellate court [**14] is reviewing a pure issue of law, "the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Sertz v. Sertz*, 11th Dist. No. 2011-L-063, quoting *Beechler*, 2010-Ohio-1900 at ¶67.

{¶30} This appeal is centered around a discretionary decision made by the trial court. As I find the court's decision not only reasonable, but constitutionally astute, I would affirm the trial court's exclusion of the breath test in light of the state's refusal to present evidence on the issue.